**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ILLINOIS**
Northern Division

RECEIVED

JUL 3 0 2020

THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

Victoria C. McKenzie,

Plaintiff,

v.

Illinois Department of Children and Family Services
Pedro Mendoza
Michelle Bunch
Kassie Lumsden
Tamara Schrader
Jaclyn Rogers
Jeanette Stender
17th Judicial Circuit Court of the State of Illinois
Stephen E. Balogh
Mary Linn Green
Vella & Lund
David Vella
Office of the State's Attorney, Winnebago County
Paul Carpenter
Pam Wells
Winnebago County CASA
Tina Rippy
Clifford Ward
Janet Ahern
Winnebago County Court Administration
Thomas Jakeway
Michael Smith
Winnebago County

Defendants.

Civil Action: 20-50249

**AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL**

Plaintiff Victoria C. McKenzie alleges as follows:

1

## INTRODUCTION

1. This is an action brought by Victoria C. McKenzie to enforce Title II of the Americans with Disabilities Act of 1990 ("ADA"). Pursuant to Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. 12131-12134, and Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. 794 the defendants perpetrated several hundreds of deliberate and intentional discriminatory and retaliatory acts against the Plaintiff.

2. The United States seeks declaratory and injunctive relief, compensatory damages, a civil penalty against Defendants pursuant to 42 U.S.C. § 12188(a)(1) and (a)(2)

## JURISDICTION

3. The Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 12188(a)(1) and (a)(2) and 28 U.S.C. §§ 1331. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue lies in this District and this Division pursuant to 28 U.S.C. § 1391 due the discriminatory and retaliatory acts giving rise to this action occurred at locations in and around Winnebago and Jo Daviess County, IL, as well as, at least one defendant residing within the judicial district.

## FACTUAL ALLEGATIONS

5. The plaintiff is a forty-nine year old woman. When she was thirty-six years old, she was involved in a major motor vehicle accident which resulted in residual conditions including an auditory processing disorder, degenerative disc disease, debilitating migraines, anxiety, panic attacks, severe arthritis throughout her entire skeletal system, balance issues, severe nausea and vomiting, neurogenic bladder, stiff person syndrome and Postural orthostatic tachycardia syndrome. The manifestations of the plaintiffs conditions include, but not limited to, joint pain, fatigue, limping, dehydration, inability to stand for long periods of time, nausea and vomiting.

**6. The plaintiff is an individual with a disability within the meaning of 42 U.S.C. § 12102.**

7. On a multitude of occasions the plaintiff was discriminated against for having disabilities by the defendants.

8. On multiple occasions the plaintiff was denied reasonable accomodations, including, but not limited to: closed captioning tv, documentation provided prior to meetings, communication in writing, occuring in a variety of settings, including, but not limited to meetings, court hearings, that had prior approval  These accommodations had been utilized on many different occasions and/or had been recommended by treating facilities, which caused the plaintiff to not be able to accurately follow along, feeling lost and helpless, and missing important information.

9. On a multitude of occasions the plaintiff  was subjected to retaliatory behavior by the defendants for advocating for my assertion of my ADA rights and/or filing complaints regarding their behaviors.
10. On a multitude of occasions the plaintiff was required to financially provide for transportation and other costs, although was deemed indigent, due to her disability, by the court. Policy dictated the defendants were responsible to provide transportation and other associated costs due to the plaintiff's disabilities and financial constraints.
11. On a multitude occasions the defendants referred to the plaintiff's disabilities in derogatory terms and/or denied she had disabilities which caused her to feel embarrassment. shame, and worthlessness.
12. On multiple occasions the Respondents referred to my disabilities in derogatory terms which caused me to feel embarrassment. shame, and worthlessness.
13. The plaintiff has been denied access to records to provide this court with specific dates.  She has exhausted all methods, including but not limited to issuing and serving subpoenas to the defendants, requesting transcripts, requesting records from former court appointed attorney, through FOIA requests and the ability to view her own files
14.  Due to the systematic failures and extensive discriminatory behavior of the defendants the plaintiff has not had a visit with her daughter in a year, although several nationally recognized therapists have reported to the court that the plaintiff is of no danger to her child and has gone above and beyond to provide a loving and caring home for her.  Family reunification, except in unusual and extreme circumstances, is the primary plan for most children.

## CLAIM FOR RELIEF

**27. Plaintiff incorporates herein the allegations contained in Paragraphs 1- 14.**
**28. Defendants discriminated on the basis of disability in violation of Title II of the ADA, Victoria C. McKenzie suffered damages as a result of Defendants' violations of the "ADA" and Section 504 of the Rehabilitation Act of 1973.**

## PRAYER FOR RELIEF

**WHEREFORE, the United States prays that this Court:**

1. Grant judgment in favor of the Plaintiff and declare that Defendants violated Title II of the Americans with Disabilities Act of 1990 ("ADA"). Pursuant to Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. 12131-12134, and Section 504 of the Rehabilitation Act of 1973 (Section 504).
2. Enjoin Defendants, their officers, agents, employees, and all others in concert or participation with them, from engaging in discrimination against individuals with disabilities, and specifically from failing to comply with Title II of the ADA.
3. Award compensatory damages, including damages for pain, suffering, and emotional distress, to the Plaintiff. for injuries suffered as the result of Defendants' violations of Title II of the ADA and Section 504 of the Rehabilitation Act of 1973.
4. Assess a civil penalty against Defendants, pursuant to 42 U.S.C. § 12188(b) (2)(C), to vindicate the public interest; and
5. Order such other appropriate relief as the interests of justice may require.

**Respectfully submitted this 28th day of July, 2020.**

**VICTORIA C. McKENZIE**

**Pro Se**