**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Victoria C. McKenzie, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20 C 50249 |
| v. | ) | |
| | ) | Hon. Philip G. Reinhard |
| Ill. Dept. of Child. & Family Serv., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

     Plaintiff's amended complaint [15] is dismissed without prejudice for failure to state a claim. By July 7, 2021, plaintiff must submit a second amended complaint and a completed USM-285 (Marshals service) form for each defendant named in the second amended complaint. If she fails to comply, the court will dismiss the case for failure to state a claim. The Clerk is directed to send plaintiff an amended civil rights complaint form and instructions, a blank USM-285 form, and a copy of this order. Plaintiff's oral motion for attorney representation is denied without prejudice at this time.

**STATEMENT**

     Plaintiff Victoria McKenzie brings this action *pro se*. Plaintiff has now filed five similar actions: 20-50249 (filed on July 6, 2020) and 20-50351, 20-50352, 20-50353, and 20-50354 (all filed on September 16, 2020). In the present case, plaintiff was previously allowed to proceed *in forma pauperis* and counsel was retained on her behalf to review whether an amended complaint should be filed. Counsel was allowed to withdraw following a communication breakdown between plaintiff and counsel. At this time, new counsel will not be appointed. Thus, plaintiff is again proceeding *pro se*, and the amended complaint she filed is before the court for review.

     Plaintiff's complaint is subject to screening. *See Vey v. Clinton*, 520 U.S. 937, 937-38 (1997) (applying § 1915(e)(2)(B)(i) to non-inmate case); *Jaros v. IDOC*, 684 F.3d 667, 669 n.1 (7th Cir. 2012) (collecting cases holding that § 1915(e)(2) screening applies to non-prisoner suits). Thus, the court must dismiss his complaint if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from such damages. 28 U.S.C. § 1915(e)(2)(B).

     Plaintiff's named defendants are plentiful but her allegations are minimal. Plaintiff alleges that she brings this action pursuant to the American with Disabilities Act and Rehabilitation Act. [15, p. 2.] She alleges that the defendants "perpetrated several hundreds of deliberate and

intentional discriminatory and retaliatory acts against" her. *Id*. As to her factual allegations, she alleges that she suffers from multiple medical disabilities stemming from an automobile accident that occurred several years ago. *Id*. The defendants discriminated against her because of these disabilities and failed to provide reasonable accommodations. These accommodations could have included closed caption television, communication in writing, and providing documentation to her prior to meetings/hearings. *Id*., p. 3. She was also the victim of retaliatory conduct; for example, having to pay for her own transportation even though she was disabled and indigent. *Id*. Due to defendants' conduct, she has experienced shame, worthlessness, embarrassment, and has not been able to have a visit with her daughter for over a year. *Id.* Plaintiff identified twenty-three defendants in the caption of her amended complaint but includes no actual allegations against any defendant named in the caption.

Plaintiff's minimal allegations fail to state a claim. Under the Federal Rules of Civil Procedure, complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (holding that to satisfy the basic notice pleading requirements of Fed. R. Civ. P. 8(a)(2), plaintiff must provide "some indication . . . of time and place") (citations omitted). A complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions. *Iqbal*, 556 U.S. at 678. Moreover, although the court construes *pro se* pleadings generously, complaints prepared by uncounseled inmates must, at a minimum, be comprehensible. *See*, *e.g.*, *Fender v. Peters*, No. 4:14-CV-024, 2016 WL 1222247, at *4 (N.D. Ind. Mar. 29, 2016) (collecting cases); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (noting that "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law") (emphasis in original). A plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of the complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Black v. Lane*, 22 F.3d 1395, 1401 and n. 8 (7th Cir. 1994) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

Title II of the ADA provides that no disabled individual shall be "excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under the ADA or the Rehabilitation Act,[1] plaintiff must sufficiently allege that she is a qualified individual with a disability and that he was denied the benefit of the services, programs or activities because of a failure to reasonably accommodate her disability. *See id*.; *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209-10 (1998).

Plaintiff's current amended complaint fails to meet these undemanding standards. Plaintiff fails to allege any time and place of the alleged discriminatory and retaliatory conduct, alleges only minimal examples of such conduct, and does not allege who was responsible for that

---

[1] The Rehabilitation act differs from the ADA only in that it requires a demonstration that the public entity receives federal funding. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012).

2

...

...

conduct. The minimal and conclusory allegations simply do not provide enough facts to allow any defendant to know the claim being brought against him/her and the basis of that claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (a plaintiff must allege enough facts "to adequately connect specific defendants to illegal acts"). Thus, the amended complaint fails to state a claim.

If plaintiff believes that her rights were violated, she must describe—in a minimally coherent fashion with facts sufficient to indicate a potential violation—the purported wrong she wishes to challenge, including generally when and where it occurred, and the individual(s) who were allegedly responsible (that is, she must identify the individuals who allegedly wronged her and provide a basic description about the timing and location and what they specifically did or did not do).

If plaintiff wants to proceed with this lawsuit, she must submit a second amended complaint that states a federal claim against proper defendants. Any second amended complaint must be submitted on the court's required form. *See* Local Rule 81.1. Any second amended complaint also must comport with Federal Rule of Civil Procedure 11; Rule 11 provides that by signing a pleading, a party represents to the court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). Plaintiff must also provide a completed USM-285 (Marshals service) form for each defendant named in the second amended complaint. Plaintiff is cautioned that an amended pleading supersedes the previous complaints and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the second amended complaint without reference to the previous complaints. Any exhibits she wants the court to consider in its threshold review of the second amended complaint must be attached. Plaintiff is advised to keep a copy for her files.

Date: 6/02/2021                                                         ENTER:

*Philip G. Reinhard*
United States District Court Judge

Docketing to mail Notices. (LC)